# EXHIBIT A

11/23/2015  11:16   7148509392                GRAHAM AND MARTIN                          PAGE  01/02

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
See Additional Parties Attachment attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DR. RICHARD SOWINSKI

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**11/24/2015** at 11:55:15 AM
Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es)*:  Orange County Superior Court

700 Civic Centre Drive
Santa Ana, CA

CASE NUMBER:
*(Núm.)* 30-2015-00822179-CU-BT-CXC

Judge Thierry Patrick Colaw

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:
M. Martin, Graham & Martin LLP, 3130 S. Harbor Blvd., Ste. 250, Santa Ana, CA 92704 (714) 850-9390

| DATE: | 11/24/2015 | ALAN CARLSON, Clerk of the Court | Clerk, by | Georgina Ramirez | , Deputy |
|-------|------------|----------------------------------|-----------|------------------|----------|
| *(Fecha)* | | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
        ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

0004

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Dr. Richard Sowinski v. California Air et al | 30-2015-00822179-CU-BT-CXC |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

CALIFORNIA AIR RESOURCES BOARD; MARY NICHOLS; DANIEL STERLING; PHIL SERNA; JOHN EISENHUT; MRS. BARBARA RIORDAN; JOHN R. BALMES; HECTOR DE LA TORRE; SANDRA BERG; RON ROBERTS; ALEXANDER SHERRIFFS; JOHN GIOIA; JUDY MITCHELL; SRA INTERNATIONAL, INC.; MARKUT NORTH AMERICA, INC.; MONITORING ANALYTICS, LLC AND DOES 1-100

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) (Rev. January 1, 2007)

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

0005

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**11/24/2015** at 11:55:15 AM
Clerk of the Superior Court
By Georgina Ramirez, Deputy Clerk

1  GRAHAM & MARTIN, LLP
2  Anthony G. Graham (State Bar No.148682)
   Michael J. Martin (State Bar No. 171757)
3  3130 South Harbor Blvd., Suite 250
   Santa Ana, California 92704
4  (714) 850-9390
   anthonyggraham@msn.com
5
6  Attorneys for Plaintiff
   DR. RICHARD SOWINSKI
7
8             SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                         COUNTY OF ORANGE
10
11  DR. RICHARD SOWINSKI,                CASE NO.  30-2015-00822179-CU-BT-CXC
                                         CX-105        Judge Thierry Patrick Colaw
12                Plaintiff,
13        vs.                            COMPLAINT FOR:
14  CALIFORNIA AIR RESOURCES BOARD;       1.  PATENT INFRINGEMENT;
    MARY NICHOLS; DANIEL STERLING;
15  PHIL SERNA; JOHN EISENHUT; MRS.       2.  ELDER ABUSE; and,
    BARBARA RIORDAN; JOHN R. BALMES;
16  HECTOR DE LA TORRE; SANDRA BERG;      3.  VIOLATIONS OF BUSINESS &
    RON ROBERTS; ALEXANDER
17  SHERRIFFS; JOHN GIOIA; JUDY              PROFESSIONS Code § 17200 *et seq.*
    MITCHELL; SRA INTERNATIONAL, INC.;
18  MARKUT NORTH AMERICA, INC.;
    MONITORING ANALYTICS, LLC  AND
19  DOES 1-100,
20                Defendants.
21
22        Plaintiff Dr. Richard Sowinski ("SOWINSKI") files this Complaint against defendants
23  CALIFORNIA AIR RESOURCES BOARD; MARY NICHOLS; DANIEL STERLING; PHIL
24  SERNA; JOHN EISENHUT; MRS. BARBARA RIORDAN; JOHN R. BALMES; HECTOR DE
25  LA TORRE; SANDRA BERG; RON ROBERTS; ALEXANDER SHERRIFFS; JOHN GIOIA;
26  JUDY MITCHELL; SRA INTERNATIONAL, INC.; MARKUT NORTH AMERICA, INC.;
27  MONITORING ANALYTICS, LLC AND DOES 1-10 (collectively, "CARB  Defendants"),
28

PRINTED ON
RECYCLED PAPER

based upon actual knowledge as to himself and his own actions, and upon information and belief as to all other persons and events, as follows:

## PARTIES

1.    Dr. Richard Sowinski is a resident of this State and the owner of US Patent 6,601,033 ("The Patent").  Plaintiff was born on November 8, 1935 and was older than 70 years old at all relevant times as to the event alleged in this complaint. The Patent, entitled "Pollution Credit Method Using Electronic Networks" (hereinafter referred to as the "SOWINSKI PATENT" or "Patent"), seeks to protect a pollution credit exchange.   Attached hereto as Exhibit A is a true and correct copy of the SOWINSKI PATENT.  The SOWINSKI PATENT describes an electronic method and apparatus for validating individuals' applications for pollution reduction credits, assigning a value to the activity associated with each application, and facilitating trading between individuals. Plaintiff Sowinski owns all right, title, and interest to U.S. Patent Number 6,601,03. The SOWINSKI PATENT describes a method and provides the apparatus for individuals, corporation, government agencies and utilities to: buy, sell, sequester, gift, keep, bank, trade and claim tax credits.  Since 2013 CARB has conducted "Cap-and-Trade Auction" (hereinafter referred to as the "AUCTION") to sell carbon credits using a method directly and specifically modeled on the SOWINSKI PATENT and which thereby directly infringes upon the SOWINSKI PATENT.

2.    California Air Resources Board (hereinafter "CARB"), also known as CARB or ARB, is the "clean air agency" in the State government of California. Established in 1967 when then-governor Ronald Reagan signed the Mulford-Carrell Act, combining the Bureau of Air Sanitation and the Motor Vehicle Pollution Control Board, CARB is a department within the cabinet-level California Environmental protection Agency. California is the only state that is permitted to have such a regulatory agency, since it is the only state that had one before the

- 2 -

passage of the federal Clean Air Act. Other states are permitted to follow CARB standards, or use the federal ones, but not set their own. The stated goals of CARB include attaining and maintaining healthy air quality; protecting the public from exposure to toxic air contaminants; and providing innovative approaches for complying with air pollution rules and regulations.

3. Defendants MARY NICHOLS; DANIEL STERLING; PHIL SERNA; JOHN EISENHUT; MRS. BARBARA RIORDAN; JOHN R. BALMES; HECTOR DE LA TORRE; SANDRA BERG; RON ROBERTS; ALEXANDER SHERRIFFS; JOHN GIOIA; JUDY MITCHELL are members of the CARB Board of Directors and are sued here in their capacity as individuals responsible for the decision to infringe the SOWINSKI PATENT. Hereinafter these persons shall be referred to as the INDIVIDUAL DEFENDANTS.

4. Defendant SRA INTERNATIONAL, INC. ("SRA") was hired by Defendants CARB and the INDIVIDUAL DEFENDANTS to develop the AUCTION system which it based upon the SOWINSKI PATENT.

5. Defendant MARKUT NORTH AMERICA, INC. ("MARKUT") was hired by Defendants CARB and the INDIVIDUAL DEFENDANTS as the Auction Administrator for the AUCTION Program. MARKUT administers the auction and reserve sale services for the quarterly greenhouse gases ("GHG") allowance auctions and reserve sales. MARKUT developed an auction platform that allows participants to apply for, post bids to, and review results for the auctions and reserve sales held by California.

6. Defendant MONITORING ANALYTICS, LLC was hired by Defendants CARB and the INDIVIDUAL DEFENDANTS as the Market Monitor for the AUCTION. MONITORING ANALYTICS, LLC, along with CARB staff, monitors market participants and the secondary market. MONITORING ANALYTICS, LLC works closely with MARKUT to ensure the market monitoring services for the AUCTION Program integrate with the Auction

RINTED ON
ECYCLED PAPER

- 3 -

0008

Platform.  Additionally, Defendant developed the plan for monitoring the structure, conduct, and performance of the AUCTION, including activities before, during, and after the auction.

## VENUE

7.      Orange County is a proper venue for this action because each of the named Defendants regularly engages in business in this County and purposefully avails themselves of the privilege of conducting business in this County by conducting "auctions" to sell carbon credits using a method directly and specifically modeled on the SOWINSKI PATENT and which thereby directly infringes upon the SOWINSKI PATENT.  The Defendants do business, have infringed, and continue to infringe the SOWINSKI PATENT within this County.

## GENERAL ALLEGATIONS

8.      On July 29, 2003, after a full and fair examination, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,601,033 entitled "POLLUTION CREDIT METHOD USING ELECTRONIC NETWORKS".   A true and correct copy of the SOWINSKI PATENT is attached as Exhibit A. Since its issuance, the SOWINSKI PATENT has been in full force and effect and Plaintiff Sowinski owns all right, title, and interest to the SOWINSKI PATENT, including the right to sue for past, present, and future infringements.

9.      Federal laws, Environmental Protection Agency regulations, building codes, insurance requirements and local building ordinances establish clean air standards and often require installation of specific measures in private homes. For example, when the individual consumer installs a gas filter within his or her gas pipes and produces cleaner gas than previously available, the reduced pollution has value. Dr. Sowinski noted in his patent application that although regulators have encouraged the development of 'pollution credit offsets' for large industries and trading of such credit offsets on the Chicago Board of Trade, trading in pollution

credit offsets was not available to individuals. The SOWINSKI PATENT describes an electronic method and apparatus for validating individuals' applications for pollution reduction credits, assigning a value to the activity associated with each application, and facilitating trading between individuals, businesses and the like as set forth in the following diagram:



10.    The SOWINSKI PATENT is an electronic method and apparatus for effectuating commerce in claimant-driven individual pollution credits which allows gas utility consumers to claim pollution credit when reducing their pollution levels while employing energy efficiency measures, which has value. Such reduced pollution credit is given value by a third-party, thus, individuals, government agencies and related parties, working in concert with a third-party identify the need, establish ownership, calculate the pollution credit value, and create a new market that has economic value and environmental benefit. The SOWINSKI PATENT provides

RINTED ON
FCYCLED PAPER

- 5 -

0010

an electronic method and apparatus for prospective individual utility consumers ("seller"), claiming individual pollution credit ("ipCredit"), while seeking various buyers ("buyer"), with the aid of a third party escrow holder to evaluate their energy efficiency measures and pollution reduction activities to be converted into a form of conditional pollution reduction credit ("CPRC"), which creates value and a global market.

11.    CARB set up the "cap-and-trade program" as a result of California AB 32, also known as the Global Warming Solutions Act, a landmark law passed in 2006. The legislation aims to reduce the state's production of carbon dioxide, methane and related gases to 1990 levels by 2020. The 1990 levels are about 17% lower than current amounts.  In 2012 CARB began the program with an "auction" that involved 350 industrial businesses, which as a group operate about 600 facilities throughout the United States and Canada. They include utilities, food processors and oil refineries. Starting in 2015, the program also covers distributors of natural gas and other fuels. In California's first auction of greenhouse gas pollution credits, in November, 2012, companies paid just a few cents more than the minimum price per ton of carbon, generating almost $290 million from the sale.   At the same time CARB announced that it sold all 23.1 million allowances available for 2013 at $10.09 each, generating $233 million. The minimum price was $10.

12.    In order to "auction" such credits, the INDIVIDUAL DEFENDANTS authorized the unlawful theft of the SOWINSKI PATENT and authorized CARB to use a "Cap-and-Trade" method directly and specifically modeled on the SOWINSKI PATENT, for market tracking that supports the implementation of greenhouse gas ("GHG") cap-and-trade programs for California and other jurisdictions.

13.    The CARB "Cap-and-Trade" method provides accounts for market participants to hold and retire compliance instruments and to participate in transactions of compliance

instruments with other account holders. The CARB "Cap-and-Trade" method is used to (1) register entities participating in the California Cap-and-Trade Program; (2) track the ownership of compliance instruments; (3) enable and record compliance instrument transfers; (4) facilitate emissions compliance; and (5) support market oversight. As is self-evident, the electronic applications CARB uses for its auctions are direct infringements of the Patent.

14.     Defendant SRA was hired by Defendants CARB and the INDIVIDUAL DEFENDANTS to develop the AUCTION system which it based upon the SOWINSKI PATENT, as authorized by the INDIVIDUAL DEFENDANTS.

15.     Defendant MARKUT was hired by Defendants CARB and the INDIVIDUAL DEFENDANTS as the Auction Administrator for the AUCTION Program. MARKUT administers the auction and reserve sale services for the quarterly greenhouse gases ("GHG") allowance auctions and reserve sales. MARKUT developed an auction platform that allows participants to apply for, post bids to, and review results for the auctions and reserve sales held by California again using the SOWINSKI PATENT method.

16.     Defendant MONITORING ANALYTICS, LLC was hired by Defendants CARB and the INDIVIDUAL DEFENDANTS as the Market Monitor for the AUCTION. MONITORING ANALYTICS, LLC, along with CARB staff, monitors market participants and the secondary market. MONITORING ANALYTICS, LLC works closely with MARKUT to ensure the market monitoring services for the AUCTION Program integrate with the Auction Platform. Additionally, Defendant developed the plan for monitoring the structure, conduct, and performance of the AUCTION, including activities before, during, and after the auction, thus again infringing the SOWINSKI PATENT method.

17.     Defendants activities have been without express or implied license from Plaintiff Sowinski.

RINTED ON
ECYCLED PAPER

- 7 -

18.     There is no "alternative remedy or remedies" available to Plaintiff in this State other than this action. *See, Florida Prepaid Postsecondary Ed. Expense Bd. v. College Savings Bank,*527 U.S. 627, 643 (1999) ["[O]nly where the State provides no remedy, or only inadequate remedies, to injured patent owners for its infringement of their patent could a deprivation of property without due process result. *See Parratt* v. *Taylor*, 451 U. S. 527, 539541 (1981); *Hudson* v. *Palmer*, 468 U. S. 517, 532-533 (1984); *id.*, at 539 (O'CONNOR, J., concurring).]

19.     Prior to filing this complaint Plaintiff demanded in writing that Defendants "cease and desist" their infringement and pay appropriate compensation. Defendants refused to comply and stated that "CARB does not enable gas utility customers to claim pollution reduction credits through energy efficiency." That argument is irrelevant since there is **no limitation** in the SOWINSKI PATENT method to individual "persons".

20.     Moreover, in fact the CARB Cap and Trade Regulations do not simply apply to "natural gas suppliers" but in fact, as CARB itself **admits**, at Chapter 13, "The Compliance Instrument Tracking System Service (CITSS) User Guide has been developed **to support individuals and entity representatives** that are participating in California's Cap-and-Trade Program." [Emphasis added].

21.     Moreover, the Cap and Trade Auction **specifically** includes possible individual bidders. Pursuant to Chapter 5.1.1 (Section 95914), which defines "Who is Eligible to Participate in an Auction? (Section 95914)", "voluntarily associated entities ("VAEs") are eligible to purchase allowances at auction." Chapter 4 defines a "VAE" as "an entity that intends to purchase, hold, sell, clear, or voluntarily retire allowances or offset credits." Chapter 4.2.1 then describes how **either an entity or an individual** can become a VAE. "If the Executive Officer approves the registration request, the entity or **individual is then designated**

RINTED ON
FCYCLED PAPER

as a VAE, and a holding account and an exchange clearing holding account will be created for the VAE. All of the requirements on trading and retiring compliance instruments apply to a VAE, as do the enforcement provisions." Therefore, by its own terms the Cap and Trade auction applies not only to entities but also individuals. Thus, Defendants argument is simply false.

22.     Defendants also asserted that "ARB [does not] collect money for the use of CITSS". That statement was false. In fact, as CARB admits, funds are generated from the direct use of the SOWINSKI PATENT method via CARB's Cap and Trade Auction. Under Chapter 5 of CARB Regulations:

> "Following certification of the auction, the Executive Officer will direct the financial services administrator to:
> • Notify each winning bidder of the **auction settlement price**, number of allowances purchased, **total purchase cost**, and the deadline and method for submitting payment;
> • **Collect cash payment from winning bidders** within seven (7) days of notification of the auction results;
> • Use the bid guarantee to cover payment for allowance purchases by any entity that fails to make cash payment within seven (7) days;
> • **Transfer auction proceeds from the sale of ARB allowances to the Greenhouse Gas Reduction Fund**; and
> • **Distribute auction proceeds to electrical distribution utilities that consigned allowances for auction.**" [Emphasis added].

Therefore, the claim that CARB "collects no money" from its Cap and Trade Auction is simply false.

23.     Defendants will continue to infringe the SOWINSKI PATENT unless enjoined by this Court. As a result of the Defendants' infringing conduct, Plaintiff Sowinski has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Plaintiff Sowinski is entitled to preliminary and permanent injunctive relief against such infringement, under 35 U.S.C. § 283. 20.

24.     As a result of the infringement of the SOWINSKI PATENT, Plaintiff Sowinski has been damaged, will be further damaged, and is entitled to be compensated for such damages,

RINTED ON
ECYCLED PAPER

- 9 -

0014

1  pursuant to 35 U.S.C. § 284, in an amount to be determined at trial but is, at a minimum, in

2  excess of $100 million dollars.

### FIRST CAUSE OF ACTION

### (INFRINGEMENT OF U.S. PATENT NO. 6,601,033)

### (AGAINST ALL DEFENDANTS)

7      25.    Plaintiff repeats, realleges and incorporates by this reference each and all

8  of the allegations contained in paragraphs 1 through 25 of this Complaint.

9      25.    On July 29, 2003, after a full and fair examination, the United States Patent and

10  Trademark Office duly and legally issued United States Patent No. 6,601,033 entitled

11  "POLLUTION CREDIT METHOD USING ELECTRONIC NETWORKS" to the Plaintiff.  A

12  true and correct copy of the SOWINSKI PATENT is attached as Exhibit A. Since its issuance,

13  the SOWINSKI PATENT has been in full force and effect thru August 19, 2015. Plaintiff

14  Sowinski owns all right, title, and interest to the SOWINSKI PATENT, including the right to sue

15  for past, present, and future infringements.

16      26.    Federal laws, Environmental Protection Agency regulations, building codes,

17  insurance requirements and local building ordinances establish clean air standards and often

18  require installation of specific measures in private homes. For example, when the individual

19  consumer installs a gas filter within his or her gas pipes and produces cleaner gas than previously

20  available, the reduced pollution has value. Dr. Sowinski noted in his patent application that

21  although regulators have encouraged the development of 'pollution credit offsets' for large

22  industries and trading of such credit offsets on the Chicago Board of Trade, trading in pollution

23  credit offsets was not available to individuals. The SOWINSKI PATENT describes an electronic

24  method and apparatus for validating individuals' applications for pollution reduction credits,

25  assigning a value to the activity associated with each application, and facilitating trading between

RINTED ON
ECYCLED PAPER

individuals, businesses and utilities, as set forth in the following diagram:



Figure 1

27.     The SOWINSKI PATENT is a method and apparatus for effectuating commerce in claimant-driven individual pollution credits which allows gas utility consumers to claim pollution credit when reducing their pollution levels while employing energy efficiency measures, which has value. Such reduced pollution credit is given value by a third-party, thus, individuals, government agencies and related parties, working in concert with a third-party identify the need, establish ownership, calculate the pollution credit value, and create a new market that has economic value and environmental benefit. The SOWINSKI PATENT provides a method and apparatus for prospective individual utility consumers ("seller"), claiming individual pollution credit ("ipCredit"), while seeking various buyers ("buyer"), with the aid of a third party escrow holder to evaluate their energy efficiency measures and pollution reduction

- 11 -

1    activities to be converted into a form of conditional pollution reduction credit ("CPRC"), which
2    creates value and a global market.
3        28.    CARB set up the "cap-and-trade program" as a result of California AB 32, also
4    known as the Global Warming Solutions Act, a landmark law passed in 2006. The legislation
5    aims to reduce the state's production of carbon dioxide, methane and related gases to 1990 levels
6    by 2020. The 1990 levels are about 17% lower than current amounts.  In 2012 CARB began the
7    program with an "auction" that involved 350 industrial businesses, which as a group operate
8    about 600 facilities throughout the United States and Canada. They include utilities, food
9    processors and oil refineries. Starting in 2015, the program also covers distributors of natural gas
10   and other fuels. In California's first auction of greenhouse gas pollution credits, in November,
11   2012, companies paid just a few cents more than the minimum price per ton of carbon,
12   generating almost $290 million from the sale.  At the same time CARB announced that it sold
13   all 23.1 million allowances available for 2013 at $10.09 each, generating $233 million. The
14   minimum price was $10.
15
16       29.    In order to "auction" such credits, the INDIVIDUAL DEFENDANTS authorized
17   the unlawful theft of the SOWINSKI PATENT and authorized CARB to use a "Cap-and-Trade"
18   method directly and specifically modeled on the SOWINSKI PATENT, for market tracking that
19   supports the implementation of greenhouse gas ("GHG") cap-and-trade programs for California
20   and other jurisdictions.
21
22       30.    The CARB "Cap-and-Trade" method provides accounts for market participants to
23   hold and retire compliance instruments and to participate in transactions of compliance
24   instruments with other account holders.  The CARB "Cap-and-Trade" method is used to (1)
25   register entities participating in the California Cap-and-Trade Program; (2) track the ownership
26   of compliance instruments; (3) enable and record compliance instrument transfers; (4) facilitate

RINTED ON
ECYCLED PAPER

1    emissions compliance; and (5) support market oversight. As is self-evident, the electronic

2    applications CARB uses for its auctions are direct infringements of the Patent.

3        31.    Defendant SRA was hired by Defendants CARB and the INDIVIDUAL

4    DEFENDANTS to develop the AUCTION system which it based upon the SOWINSKI

5    PATENT, as authorized by the INDIVIDUAL DEFENDANTS.

6

7        32.    Defendant MARKUT was hired by Defendants CARB and the INDIVIDUAL

8    DEFENDANTS as the Auction Administrator for the AUCTION Program. MARKUT

9    administers the auction and reserve sale services for the quarterly greenhouse gases ("GHG")

10   allowance auctions and reserve sales. MARKUT developed an auction platform that allows

11   participants to apply for, post bids to, and review results for the auctions and reserve sales held

12   by California again using the SOWINSKI PATENT method.

13

14       33.    Defendant MONITORING ANALYTICS, LLC was hired by Defendants CARB

15   and the INDIVIDUAL DEFENDANTS as the Market Monitor for the AUCTION.

16   MONITORING ANALYTICS, LLC, along with CARB staff, monitors market participants and

17   the secondary market. MONITORING ANALYTICS, LLC works closely with MARKUT to

18   ensure the market monitoring services for the AUCTION Program integrate with the Auction

19   Platform. Additionally, Defendant MONITORING ANALYTICS, LLC developed the plan for

20   monitoring the structure, conduct, and performance of the AUCTION, including activities

21   before, during, and after the auction, thus again infringing the SOWINSKI PATENT method.

22

23       34.    Defendants activities have been without express or implied license from Plaintiff

24   Sowinski.

25       35.    There is no "alternative remedy or remedies" available to Plaintiff in this State

26   other than this action. *See, Florida Prepaid Postsecondary Ed. Expense Bd. v. College Savings*

27   *Bank,* 527 U.S. 627, 643 (1999) ["[O]nly where the State provides no remedy, or only inadequate

28

RINTED ON
ECYCLED PAPER

- 13 -

remedies, to injured patent owners for its infringement of their patent could a deprivation of

property without due process result. *See Parratt* v. *Taylor*, 451 U. S. 527, 539541

(1981); *Hudson* v. *Palmer*, 468 U. S. 517, 532-533 (1984); *id.,* at 539 (O'CONNOR, J.,

concurring).]

36.    CARB will continue to infringe the SOWINSKI PATENT unless enjoined by this

Court. As a result of CARBs' infringing conduct, Plaintiff Sowinski has suffered, and will

continue to suffer, irreparable harm for which there is no adequate remedy at law.   Plaintiff

Sowinski is entitled to preliminary and permanent injunctive relief against such infringement,

under 35 U.S.C. § 283.20 against CARB. *See Applera Corp. v. MJ Research Inc.*, 311 F. Supp.

2d 293; 2004 U.S. Dist. LEXIS 3837 (D.C.D.CT. 2004)("It seems clear that a patentee may still

restrain a state's patent infringement by suing the responsible state officer for injunctive relief in

federal court pursuant to the Ex Parte Young doctrine, *see Seminole Tribe of Florida v. Florida*,

517 U.S. 44, 72 n.16, 134 L. Ed. 2d 252, 116 S. Ct. 1114 (1996); *see also Genentech, Inc. v.*

*Regents of Univ. of Cal.*, 143 F.3d 1446, 1454 (Fed. Cir. 1998) vacated on other grounds by 527

U.S. 1031, 144 L. Ed. 2d 789, 119 S. Ct. 2388, and, depending on the state, pursue damage

remedies for infringement in state court, see Florida Prepaid, 527 U.S. at 642-45 and n.9.")

37.    The INDIVIDUAL DEFENDANTS will continue to infringe the SOWINSKI

PATENT unless enjoined by this Court. As a result of the INDIVIDUAL DEFENDANTS'

infringing conduct, Plaintiff Sowinski has suffered, and will continue to suffer, irreparable harm

for which there is no adequate remedy at law.   Plaintiff Sowinski is entitled to preliminary and

permanent injunctive relief against such infringement, under 35 U.S.C. § 283.20 against the

INDIVIDUAL DEFENDANTS.

38.    Defendants SRA, MARKUT and MONITORING will continue to infringe the

SOWINSKI PATENT unless enjoined by this Court. As a result of Defendants SRA, MARKUT

- 14 -

0019

and MONITORINGS' infringing conduct, Plaintiff Sowinski has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law.   Plaintiff Sowinski is entitled to preliminary and permanent injunctive relief against such infringement, under 35 U.S.C. § 283. 20 against the Defendants SRA, MARKUT and MONITORING.

39.     As a result of the infringement of the SOWINSKI PATENT, Plaintiff Sowinski has been damaged, will be further damaged, and is entitled to be compensated for such damages as against the INDIVIDUAL DEFENDANTS and Defendants SRA, MARKUT and MONITORING, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial but is, at a minimum, in excess of $100 million dollars.

40.     The INDIVIDUAL DEFENDANTS and Defendants SRA, MARKUT and MONITORING past and continuing infringement of the SOWINSKI PATENT has been deliberate and willful. Their conduct warrants an award of treble damages, pursuant to 35 U.S.C. § 284, and this is an exceptional case justifying an award of attorney fees to Plaintiff, pursuant to 35 U.S.C. § 285.

### SECOND CAUSE OF ACTION

#### (Violations of California Elder Financial Abuse Laws)

#### (Against All Defendants)

41.     Plaintiff repeats, realleges and incorporates by this reference each and all of the allegations contained in paragraphs 1 through 40 of this Complaint.

42.     Each of the named Defendants took, secreted, appropriated, and retained the property of plaintiff, an elder, to a wrongful use within the meaning of Welfare & Institutions Code section 15610.30. Defendants engaged in such conduct either directly, or assisted others in such conduct.

PRINTED ON
RECYCLED PAPER

- 15 -

0020

43.     In engaging in such conduct, Defendants intended to defraud plaintiff within the meaning of Welfare & Institutions Code section 15610.30.

44.     As a direct and proximate cause of Defendants' wrongful conduct, Plaintiff has been deprived of his property, namely his Patent and income thereof, has sustained related damages of loss of income on that Patent, has incurred attorney fees and costs, and will incur additional expenses for this action to stop further such infringement.

45.     In addition to all other remedies provided by law, Plaintiff is entitled to recover reasonable attorney fees and costs for financial abuse pursuant to Welfare & Institutions Code section 15657.5.18.

46.     Defendants' conduct constituted recklessness, oppression, fraud, and malice in the commission of the financial abuse and Plaintiff is entitled to recover damages for the sake of example and by way of punishing defendants for financial abuse pursuant to Welfare & Institutions Code section 15657.5 and Civil Code section 3294.

## THIRD CAUSE OF ACTION

### (Violations of Bus. & Prof. Code § 17200 *et seq.*)

### (Against All Defendants)

47.     Plaintiff repeats, realleges and incorporates by this reference paragraphs 1 to 46 as though fully set forth herein.

48.     Defendants' conduct in infringing the SOWINSKI PATENT and engaging in elder financial abuse, constitute unlawful, unfair, and deceptive business practices within the meaning of Business and Professions Code Sections 17200 *et seq.*

49.     As a consequence of Defendants' conduct, Plaintiff has been damaged in an amount to be determined at trial but is, at a minimum, in excess of $100 million dollars.

RINTED ON
ECYCLED PAPER

- 16 -

50.    Plaintiff is thus entitled to equitable relief, including without limitation restitution of all amounts unlawfully obtained by Defendants, as well as an injunction preventing defendants from continuing to infringe the SOWINSKI PATENT.

## PRAYER FOR RELIEF

Therefore, upon final hearing or trial, Plaintiff Sowinski prays for the following relief:

(i)    A judgment that each of the named Defendants has infringed the SOWINSKI PATENT;

(ii)    A judgment and order permanently restraining and enjoining each of the named Defendants, their directors, officers, employees, servants, agents, affiliates, subsidiaries, partners and others controlled by them, and all persons in active concert or participation with any of them, from further infringing the SOWINSKI PATENT;

(iii)    A judgment and order requiring each of the named Defendants to pay damages to Plaintiff adequate to compensate him for the Defendants' wrongful infringing acts, in accordance with 35 U.S.C. § 284;

(iv)    A judgment and order requiring each of the named Defendants to pay increased damages up to three times, in view of their willful and deliberate infringement of the SOWINSKI PATENT;

(v)    A judgment and order requiring each of the named Defendants to provide an accounting of all funds received by them to date relating to the use of the Cap-and-Trade method since its inception;

(vi)    A judgment and order requiring each of the named Defendants to pay damages to Plaintiff adequate to compensate Plaintiff for willful injury pursuant to California Civil Code § 3345 and an award of treble that amount as exemplary damages thereunder;

RINTED ON
RCYCLED PAPER

(vii)   A judgment and order finding that this is an exceptional case, pursuant to 35 U.S.C. § 285, and an award to Plaintiff of his costs, as well as his reasonable attorney fees and other expenses incurred in connection with this action;

(viii)   A judgment and order requiring each of the named Defendants to pay to Plaintiff pre-judgment interest under 35 U.S.C. § 284, and post-judgment interest under 28 U.S.C. § 1961, on all damages awarded; and,

(ix)   Such other costs and further relief, to which Plaintiff is entitled.

Dated: November 8, 2015

Anthony G. Graham
Attorneys for Plaintiff
Dr. Richard Sowinski

RINTED ON
ECYCLED PAPER

# EXHIBIT A



US006601033B1

(12) **United States Patent**

Sowinski

(10) Patent No.: **US 6,601,033 B1**
(45) Date of Patent: **Jul. 29, 2003**

(54) **POLLUTION CREDIT METHOD USING ELECTRONIC NETWORKS**

(76) Inventor: **Richard F. Sowinski**, 996 Arnold Dr., Martinez, CA (US) 94553

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 442 days.

(21) Appl. No.: 09/696,152

(22) Filed: **Oct. 24, 2000**

(51) Int. Cl.[7] ................................... G06F 17/60
(52) U.S. Cl. ......................... 705/1; 705/37; 705/52
(58) Field of Search ...................... 705/1, 52, 30–32, 705/37; 123/325, 434; 422/900; 110/345; 60/274

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 5,873,071 A | * | 2/1999 | Ferstenberg et al. | .......... 705/37 |
| 6,058,379 A | * | 5/2000 | Odom et al. | .................. 705/37 |
| 6,338,047 B1 | * | 1/2002 | Wallman | .................. 705/36 |

FOREIGN PATENT DOCUMENTS

WO    WO 00/43094   *  7/2000

OTHER PUBLICATIONS

Andreoli, Pollution Credits to Get City Bank, Oct. 3, 1994, Crain's Chicago Business, p4, ISSN: 0149–6956.*

* cited by examiner

*Primary Examiner*—James P. Trammell
*Assistant Examiner*—Mary Cheung
(74) *Attorney, Agent, or Firm*—Harold D. Messner

(57)                      **ABSTRACT**

The present invention is a method and apparatus for effectuating commerce in claimant-driven individual pollution credits which allows gas utility consumers to claim pollution credit when reducing their pollution levels while employing energy efficiency measures, which has value. Such reduced pollution credit is given value by a third-party, thus, individuals, government agencies and related parties, working in concert with a third-party identify the need, establish ownership, calculate the pollution credit value, and create a new market that has economic value and environmental benefit.

**16 Claims, 20 Drawing Sheets**



CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Anthony G. Graham            State Bar # 148682<br>Graham & Martin LLP<br>3130 South Harbor Blvd., Suite 250<br>Santa Ana, CA 92704<br>TELEPHONE NO.: (7140 850-9390    FAX NO.: (714) 850-9392<br>ATTORNEY FOR *(Name):* Dr. Richard Sowinski | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**11/24/2015** at 11:55:15 AM<br><br>Clerk of the Superior Court<br>By Georgina Ramirez, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Orange
STREET ADDRESS: 700 Civic Centre Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA
BRANCH NAME: Central

CASE NAME:
Dr. Richard Sowinski v. California Air et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 30-2015-00822179-CU-BT-CXC |
| | | | JUDGE: Judge Thierry Patrick Colaw | |
| | | | DEPT: Cx-105 | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) |    condemnation (14) |    above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) |    types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [✓] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is  [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Patent Infringement, Elder Abuse, 17200
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)* ·

Date: November 18, 2015
MICHAEL MARTIN
    (TYPE OR PRINT NAME)                              ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                                   Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

0026

# SUPERIOR COURT OF CALIFORNIA

## ORANGE

### 751 W. Santa Ana Blvd

### Santa Ana , CA 92701

### (657) 622-5300

### www.occourts.org

## NOTICE OF CASE ASSIGNMENT

Case Number: **30-2015-00822179-CU-BT-CXC**

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon.<br>  Thierry Patrick Colaw | Civil Complex Center | CX105 | (657) 622-5300 |
| Hearing: | Date: | Time: | |

| JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon. | | | |

[ x ]  ADR Information attached.

# SCHEDULING INFORMATION

| |
|---|
| **Judicial Scheduling Calendar Information**<br><br>Individual courtroom information and the items listed below may be found at: www.occourts.org.<br><br>Case Information, Court Local Rules, filing fees, forms, Civil Department Calendar Scheduling Chart, Department phone numbers, Complex Civil E-filing, and Road Map to Civil Filings and Hearings. |
| **Ex Parte Matters**<br><br>Rules for Ex Parte Applications can be found in the California Rules of Court, rules 3.1200 through 3.1207 at: www.courtinfo.ca.gov.  Trials that are in progress have priority; therefore, you may be required to wait for your ex parte hearing. |
| **Noticed Motions**<br><br>  * The following local Orange County Superior Court rules are listed for your convenience:<br>     - Rule 307 - Telephonic Appearance Litigants - Call CourtCall, LLC at (310) 914-7884 or (888) 88-COURT.<br>     - Rule 380 - Fax Filing, Rule 450 - Trial Pre-Conference  (Unlimited Civil)<br>  * All Complex Litigation cases are subject to mandatory Electronic Filing, unless excused by the Court.<br>  * Request to Enter Default and Judgment are strongly encouraged to be filed as a single packet. |
| **Other Information**<br><br>Hearing dates and times can be found on the Civil Department Calendar Scheduling Chart.<br><br>All fees and papers must be filed in the Clerk's Office of the Court Location address listed above. |

Date:  11/25/2015

_Georgina Ramirez_____ , Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**

0027

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
12/09/2015
CT Log Number 528293936

TO:     Adriaen Morse, Jr.
        CSRA Inc.
        3170 Fairview Park Dr
        Falls Church, VA 22042-4528

RE:     **Process Served in California**

FOR:    SRA INTERNATIONAL, INC.  (Domestic State: VA)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Dr. Richard Sowinski, Pltf. vs. California Air Resources Board, et al., Dfts. // To: SRA INTERNATIONAL, INC. |
| **DOCUMENT(S) SERVED:** | Notice(s) and Acknowledgment(s), Summons, Instructions, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Orange County - Superior Court - Santa Ana, CA<br>Case # 30201500822179CUBTCXC |
| **NATURE OF ACTION:** | Intellectual Property Litigation - Patent Infringement - United States Patent No. 6,601,033 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 12/09/2015 postmarked on 12/02/2015 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Anthony G. Graham<br>Graham & Martin, LLP<br>3130 South Harbor Blvd.<br>Suite 250<br>Santa Ana, CA 92704<br>714-850-9390 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 781901935724<br><br>Image SOP<br><br>Email Notification,  Mary Kim  Mkim38@csgov.com<br><br>Email Notification,  Adriaen Morse, Jr.  Amorse4@csgov.com<br><br>Email Notification,  Kathy Lofgren  klofgren@csgov.com<br><br>Email Notification,  Lori Pogash  lori_pogash@sra.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / AP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

0028

**EXHIBIT C**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): SBN 148682 | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): SBN 148682

Anthony G. Graham
Graham & Martin
3130 South Harbor Blvd., Suite 250
Santa Ana, CA 92704
TELEPHONE NO.: (714) 850-9390      FAX NO. (Optional): (714) 850-9392
E-MAIL ADDRESS (Optional): anthonyggraham@msn.com
ATTORNEY FOR (Name): Dr. Richard Sowinski

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Centre Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92647
BRANCH NAME: Central

PLAINTIFF/PETITIONER: Dr, Richard Sowinski

DEFENDANT/RESPONDENT: SRA International, Inc.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>30-2015-00822179-CU-BT-CXC |
|---|---|

TO (insert name of party being served): SRA International, Inc. by Agent for Service CT Corporation

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: December 2, 2015

Anthony Graham
_____
(TYPE OR PRINT NAME)                    ▶ _____
                                          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. [✓]  A copy of the summons and of the complaint.
2. [ ]  Other (specify):


(To be completed by recipient):

Date this form is signed: December 21, 2015

Ryan M. Nishimoto, SRA International, Inc.
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)        ▶ _____
                                             (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
                                             ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

0029