JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-2123-JLS (JCGx)                                    Date: August 18, 2016
Title: Richard Sowinski v. California Air Resources Board et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                   Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS (Docs. 13-15)**

Before the Court are three Motions to Dismiss filed, respectively, by Defendants Monitoring Analytics, LLC, the California Air and Resources Board and its Members ("CARB"), and SRA International, Inc. (MTDs, Docs. 13-15.) For the reasons stated below, the Court GRANTS Defendants' Motions.

The instant action, brought by Plaintiff Richard Sowinski, alleges that Defendants infringed on a method patent that "describes an electronic method and apparatus for validating individuals' applications for pollution reduction credits," in part, by "assigning a value to the activity associated with each application[] and facilitating trading between individuals." (Notice of Removal, Ex. A, "Complaint," ¶ 1, Doc. 1-1.) The pending Motions seek dismissal of the actions pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim.

The Rule 12(b)(1) arguments are set forth in CARB's Motion. (CARB MTD at 9-15, Doc. 14.) In short, CARB contends that the Eleventh Amendment bars "suits against an unconsenting state by its own citizens." (*Id.* at 9.) CARB represents that it is an arm of the state and that it never consented to this action. (*Id.* at 9-10.) Therefore, according to CARB, the Court lacks jurisdiction over Sowinski's claims against it. (*Id.* at 10.) Separately, Monitoring Analytics and SRA each raise Rule 12(b)(6) arguments. For its part, Monitoring Analytics asserts that the Complaint, at most, alleges "that [Monitoring

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-2123-JLS (JCGx)  Date: August 18, 2016
Title: Richard Sowinski v. California Air Resources Board et al.

Analytics] [was] merely an observer to the alleged infringing of others." (Monitoring MTD at 2, Doc. 13.) According to Monitoring Analytics, this type of observational conduct does not amount to "infringing activity[.]" (*Id.*) Finally, SRA and Monitoring Analytics jointly contend that Sowinski's patent – which "purports to own the abstract principle of trading in pollution offset credits" – is "invalid under 35 U.S.C. § 101, for failing to claim patent-eligible subject matter." (SRA MTD at 1, Doc. 15.) In sum, each Defendant seeks dismissal of Sowinski's claims with prejudice.

A hearing on these Motions was set for May 13, 2016. Pursuant to a stipulation entered into by the Parties, Sowinski's opposition briefs were due no later than March 18, 2016. (Stipulation at 2, Doc. 10.) Sowinski failed to oppose any of the three Motions. Instead, on March 31, 2016 – thirteen days after an opposition would have been due – Sowinski filed a First Amended Complaint. (FAC, Doc. 20.) In their Reply briefs, Defendants emphasized Sowinski's failure to oppose the Motions and objected to his untimely filing of the FAC. (Reply at 1-2, Doc. 22.) Defendants also separately filed a motion to strike the FAC. (MTS, Doc. 25.) Thereafter, on May 4, 2016, the Parties filed a Joint Stipulation. (Joint Stipulation, Doc. 29.)

On May 11, 2016, the Court ruled on the Parties' Joint Stipulation. (Joint Stipulation Order, Doc. 30.) In that order, the Court noted that "the FAC simply add[ed] one paragraph to the original Complaint." (Joint Stipulation Order at 2.) In relevant part, "[t]hat paragraph addresse[d] the exhaustion issue raised in Defendants' Motions to Dismiss." (*Id.*) Rather than litigate this issue, the Court – as stipulated by the Parties – struck the FAC and set aside Defendants' failure-to-exhaust arguments. (*Id.*) As a result, the Court also deemed as withdrawn Defendants' Motion to Strike. (*Id.*) Finally, the Court emphasized that "[b]ecause Defendants' three Motions to Dismiss are unopposed, no hearing [was] required." (*Id.*)

As previously noted by the Court, Sowinski failed to timely file any opposition briefs to the instant Motions. (*Id.* at 2.) Local Rule 7-12 holds that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." C.D. Cal. R. 7-12. The Ninth Circuit has held that the "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-2123-JLS (JCGx) | Date: August 18, 2016 |
| Title: Richard Sowinski v. California Air Resources Board et al. | |

(affirming a district court's dismissal of an action when the plaintiff failed to oppose the defendant's motion to dismiss).

Before dismissing an action for noncompliance with a local rule, a district court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions." *Id.* at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (internal quotation marks omitted)). The balance of these factors weighs in favor of dismissal.

The first factor, the public's interest in the expeditious resolution of litigation, "always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The second factor, the court's need to manage its docket, also favors dismissal. *See id.* at 644 (noting "the need of the district court in the Central District of California to manage its huge caseload.") (Trott, J., concurring); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063-66 (9th Cir. 2004) (noting that when a plaintiff does nothing, "resources continue to be consumed by a case sitting idly on the court's docket."). As to the third factor, "[a] rebuttable presumption of prejudice to the defendant arises when a plaintiff unreasonably delays prosecution of an action." *Murphy v. Dep't of Children & Family, Services*, No. CV 15-05347-JLS (AJW), 2016 WL 183047, at *3 (C.D. Cal. Jan. 14, 2016). Sowinski has made no showing to rebut this presumption in the instant case. Although the Court recognizes both the public policy favoring disposition of cases on the merits and the availability of less drastic measures than dismissal, those factors bear less weight in light of Local Rule 7-12, under which all parties are advised that failing to respond to a motion consents to the Court granting a motion to dismiss without considering the merits. *See* C.D. Cal. R. 7-12; *Newman v. Lamont*, No. CV 11-02379 PA (AJWx), 2011 WL 5909837, at *3 (C.D. Cal. Oct. 26, 2011) (finding that the fourth factor favors dismissal in part because the "local rules provide notice that litigants, including those proceeding pro se, must comply with those rules or face possible sanctions, including dismissal." (citing C.D. Cal. R. 7-12)).

The five-factor test for dismissal is a disjunctive balancing test, so not all five factors must support dismissal. *See Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998); *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-2123-JLS (JCGx)                                Date: August 18, 2016
Title: Richard Sowinski v. California Air Resources Board et al.

Here, having found that the majority of the factors support dismissal, we GRANT Defendants' Motions to Dismiss. As requested in the Motions, Sowinski's claims are DISMISSED, with prejudice. *See Newman*, 2011 WL 5909837, at *4 (dismissing an action with prejudice where the plaintiff failed to oppose the defendant's motion to dismiss). To be clear, the Court concludes that a dismissal *with prejudice* is appropriate in this case in light of the Joint Stipulation previously filed by the Parties. Therein, Sowinski's own counsel stipulated that "the Motions to Dismiss are potentially case dispositive," but nevertheless conceded and reaffirmed that Sowinski failed to oppose. (Stipulation at 4-5.) Therefore, in the instant case, Sowinski failed to oppose Motions that he knew were case dispositive, and then affirmatively asked the Court to rule on them. Under these facts, dismissal with prejudice is warranted.

                                                                                                   Initials of Preparer: tg